# In the United States Court of Federal Claims

Nos. 07-157C & 07-167C Consolidated
No. 07-184C
Filed: April 16, 2015

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| PACIFIC GAS AND ELECTRIC COMPANY, and SOUTHERN CALIFORNIA EDISON COMPANY, | \* | |
| Plaintiffs, | \* | |
| v. | \* | |
| THE UNITED STATES, | \* | |
| Defendant. | \* | |
| SAN DIEGO GAS & ELECTRIC COMPANY, | \* | |
| Plaintiff, | \* | |
| v. | \* | Jurisdiction; |
| THE UNITED STATES, | \* | RCFC 1; RCFC 12(b)(1); |
| Defendant. | \* | RCFC 12(h)(3). |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA EX REL. EDMUND G. BROWN JR., ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, and the CALIFORNIA DEPARTMENT OF WATER RESOURCES BY AND THROUGH ITS CALIFORNIA ENERGY RESOURCES SCHEDULING DIVISION, | \* |
| Plaintiff, | \* |
| v. | \* |
| THE UNITED STATES, | \* |
| Defendant. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**Marie L. Fiala**, Sidley Austin, LLP, San Francisco, California, Counsel for Plaintiff, Pacific Gas & Electric Company.

**Jane I. Ryan**, Steptoe & Johnson, LLP, Washington, D.C., Counsel for Plaintiff, Southern California Edison Company.

**Mark Fogelman**, Friedman & Springwater, LLP, San Francisco, California, Counsel for Plaintiff, San Diego Gas & Electric Company.

**Kenneth D. Woodrow**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for Defendant.

**Gary Alexander**, Deputy Attorney General, Counsel for Plaintiff The People of the State of California et al., Office of the Attorney General, San Francisco, California.

**BRADEN**, *Judge*.

## MEMORANDUM OPINION AND FINAL ORDER DISMISSING PLAINTIFFS' REMAINING CLAIMS

On March 12, 2007, Pacific Gas & Electric and Southern California Edison filed a Complaint in the United States Court of Federal Claims, alleging that the "voluntary sales of electric power in the California wholesale markets[,] pursuant to the ISO and PX Tariffs[,] and pursuant to certain written agreements[,] gave rise to binding contractual obligations that [WAPA and BPA] owed to the other market participants, including the [Cal-IOUs,] . . . direct parties to and expressly intended beneficiaries of [WAPA and BPA's] contractual obligations." 3/12/07 Compl. ¶ 2. "The signatories to the [WAPA and BPA] agreements had authority to enter into the agreements and to bind [WAPA and BPA] contractually. [WAPA and BPA] have breached their contractual obligations[.]" 3/12/07 Compl. ¶ 2.

On March 13, 2007, San Diego Gas & Electric filed an almost identical Complaint in the United States Court of Federal Claims. *See San Diego Gas & Elec. Co. v. United States*, No. 07-167 ("3/13/07 Compl."). And, on October 3, 2008, California and the California Department of Water Resources filed a similar Second Amended Complaint. *See California v. United States*, No. 07-184 ("10/3/08 Compl.").

On March 16, 2015, the court issued a Memorandum Opinion And Final Order Regarding Plaintiffs' Breach Of Contract Claim, dismissing Plaintiffs' breach of contract claim. *See Pac. Gas & Elec. Co v. United States*, 2015 WL 1186301, No. 07-157 (Fed. Cl. Mar. 16, 2015). In addition to laying out the factual and procedural background of the case, the court determined that Plaintiffs lacked privity of contract with the Government. *Id.* at *19. Accordingly, the court granted the Government's July 1, 2014 Motion For Entry Of Judgment Dismissing Claim I of Plaintiffs' March 12, 2007, March 13, 2007, and March 16, 2007 Complaints.[1] *Id.* at *26.

---

[1] On March 16, 2015, the court incorrectly dismissed Claim I of California's March 16, 2007 Complaint, when it should have dismissed Claim I of California's October 3, 2008 Second

On April 1, 2015, Plaintiffs filed a Motion For Clarification Of The Status Of Remaining Claims, admitting that the remaining claims "are premised on the same [alleged] contracts as the breach of contract claim dismissed by the [c]ourt in its March 16, 2015 order." Pl. Mot. at 1. On April 13, 2015, the Government filed a Response ("Gov't Resp.").

Because the court has determined that Plaintiffs lack privity of contract with the Government, the court does not have jurisdiction to adjudicate Plaintiffs' remaining claims. *See* 28 U.S.C. § 1491(a); *see also* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Dismissing all remaining claims also will facilitate an expeditious and comprehensive appeal. *See* Rule 1 of the Rules of the United States Court of Federal Claims ("RCFC") ("[The RCFC] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

For these reasons, the Clerk is directed to dismiss Plaintiffs' March 12, 2007, March 13, 2007, and October 3, 2008 Complaints.

**IT IS SO ORDERED.**

/s/ Susan G. Braden
**Susan G. Braden,**
**Judge**

---

Amended Complaint. But, any error is harmless, because the court has determined that the entire October 3, 2008 Second Amended Complaint now should be dismissed.